UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 24-36-DLB

CRAIG QUINZEL JONES[1]                                               PETITIONER

VS.                          **MEMORANDUM ORDER**

FCI ASHLAND                                                          RESPONDENT

*** *** *** ***

Craig Quinzel Jones was formerly an inmate at the Federal Correctional Institution in Ashland, Kentucky. Jones is now incarcerated at the United States Penitentiary in Atlanta, Georgia. (See Doc. # 5). Proceeding without a lawyer, Jones filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[2] (Doc. # 1). That Petition is exceedingly difficult to follow. However, as best as the Court can tell, Jones is putting forth several arguments in an attempt to call into question his underlying federal conviction—for possession of a firearm in furtherance of a drug trafficking crime—and corresponding 84-month prison sentence. *See id.; see also United States v. Craig Quinzel Jones*, No. 1:21-cr-00018 (M.D.N.C. 2021).

---

[1] Federal inmate Keith Dougherty is also named in the caption of the Petition (Doc. # 1 at 1), and he signed the submission (*id.* at 15). However, the filing indicates that Dougherty was simply "assisting" Jones in preparing his Petition. (*Id.* at 1). In other words, it does not appear that Doughtery is seeking his own relief from this Court. Therefore, the Court does not consider Dougherty to be a Petitioner in this case.

[2] While the Petition includes the language "Filed Under Seal" (Doc. # 1 at 1), it is not accompanied by a motion for leave to seal or a clear justification for sealing the document; thus, the Petition remains publicly available.

The Court has now conducted an initial screening of Jones's Petition pursuant to 28 U.S.C. § 2243 and will dismiss it for lack of subject-matter jurisdiction. That is because Jones's arguments constitute an impermissible collateral attack on his conviction and sentence. While a federal prisoner may certainly challenge the legality of his conviction and sentence on direct appeal and in a 28 U.S.C. § 2255 motion, he generally may not do so in a § 2241 petition. The United States Supreme Court recently confirmed this point, see *Jones v. Hendrix*, 599 U.S. 465 (2023), and Jones has not identified any circumstance or legal authority that would allow him to proceed with his claims here via a § 2241 petition.[3]  Therefore, the Court will dismiss Jones's petition for lack of subject-matter jurisdiction. *See Jones*, 599 U.S. at 492 (affirming the dismissal of the relevant § 2241 petition for lack of subject-matter jurisdiction). Accordingly,

**IT IS ORDERED** as follows:

(1) Jones's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DISMISSED** for lack of subject-matter jurisdiction;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 8th day of April, 2024.



Signed By:
David L. Bunning
United States District Judge

---

[3] Jones also filed a § 2255 motion with the Middle District of North Carolina, the district in which he was convicted and sentenced. *See Jones*, No. 1:21-cr-00018, at Docs. # 22 and 40. That § 2255 motion remains pending, *see id.* at Doc. # 42, further undermining the viability of Jones's present § 2241 petition.